UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>LUIS ALBERTO BARRETO,<br><br>   Defendant. | No. 2:15-cr-00073-GEB<br><br>**ORDER DENYING SEALING REQUEST** |

On February 2, 2016, the government submitted for in camera consideration a request to seal, the document sought to be sealed, and a proposed sealing order. The government filed on the public docket a "Notice of Request to Seal" in connection with the sealing request, in which it states:

> the United States has submitted by electronic mail to the Court's Courtroom Deputy the following documents: (1) . . . a three-page sentencing memorandum by the United States containing a sentencing recommendation based on the United States Sentencing Commission's Guidelines; and (2) a Request to Seal Documents. The two documents contain confidential information, the disclosure of which may affect the safety of individuals. On February 2, 2016, the United States provided a copy of the aforementioned documents to the Court and counsel for defendant Barreto. No other party has received these documents. The government respectfully requests that these documents remain under seal until further Order of the Court.

(Notice of Request to Seal 1:21-2:2, ECF No. 35.)

1

1        "[T]he First Amendment right of access applies to sentencing proceedings." United States v. Rivera, 682 F.3d 1223, 1229 (9th Cir. 2012). "Relatedly, courts of appeals have also recognized a First Amendment right of access to documents [submitted] for use in sentencing proceedings." In re Hearst Newspapers, L.L.C., 641 F.3d 168, 176 (5th Cir. 2011); accord United States v. Alcantara, 396 F.3d 189, 197 (2nd Cir. 2005) ("[C]ircuits have held that the public and press have a right of access to various documents filed in connection with sentencing proceedings.").

> Public access in this context may serve to check any temptation that might be felt by either the prosecutor or the court to seek or impose an arbitrary or disproportionate sentence; promote accurate fact-finding; and in general stimulate public confidence in the criminal justice system by permitting members of the public to observe that the defendant is justly sentenced. These salutary effects of access to sentencing hearings also serve to support public access to sentencing memoranda.

United States v. Kravetz, 706 F.3d 47, 56-57 (1st Cir. 2013) (ellipses omitted) (internal quotation marks and citations omitted).

       The government has not provided sufficient justification for filing under seal the entirety of the document it submitted for in camera review, specifically, the portion of the document that states the government's position concerning Defendant's sentencing guideline calculation. Therefore, the government's sealing request is DENIED.

       Further, the documents submitted to chambers for in camera consideration are treated as having been returned to the

government under the rationale of Local Rule 141(e)(1), which states: "If a [sealing r]equest is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied." See also United States v. Baez-Alcaino, 718 F. Supp. 1503, 1507 (M.D. Fla. 1989) (indicating that when a judge denies a sealing request, the party submitting the request then decides how to proceed in light of the ruling).

Dated: February 3, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge